OPINION OF THE COURT — by the
Hos. GEO. WINCHESTER.
The statutory laws of this state provide, that when any person shall •die intestate, leaving no child or children, or descendents of them, his widow shall have as her dower, one half of his real estate for the term of her natural life,” and when a husband dies intestate, if there be no chil *289 dren, or but one child, she shall be entitled to one half of the personal estate. Revised code, page 280. Does this law of dower extend to the widow of a non resident, or is it confined to the widows’ of resident citizens? Throughout the laws, the language designating the widows who are entitled, is general and unlimited. When any person shall die intestate, his widow shall have dower, or “ when a husband' dies intestate, his widow shall have dower,” any widow claiming dower, shall file her petition, &c. and if the intention of the legislature should be ascertained by the plain, natural and obvious meaning of the language used, no question could exist, but the widow of a non-resident, is equally entitled to dower, in the real and personal estate of the intestate husband, as the widow of a resident.
But it is contended, that her right of dower is not founded in the law but in the contract. The contract of marriage having been entered into in Louisiana, and the husband and wife domiciliated there, .until the day of his death, she is entitled to no other rights in the estate of her husband wherever situated, than the laws of that state give her. That there isa tacit and implied contract embracing the laws of that state alone, where the marriage contract was made, by virtue of which laws, the husband and wife have a community of property, and of acquests and gains acquired after the marriage, which community extends to property situated in this state, and is therefore a bar to her dower, or if the community do not extend to property situated in this state; she is still not entitled, because the contract of marriage being made with a view to the laws of Louisiana alone, and its extent ascertained by the laws of that state, there is a tacit understanding, that she shall not have dower in property situated in this state.
By our laws, a widow can be barred of dower only in two ways; by an express and valid agreement relinquishing her dower, or by an effectual devise and bequest of- her husband in lieu of dower. But we will consider the grounds taken, so that the marriage contract creates a community in the property situated in this State, and that the wife is entitled to such share as she brought into the community, and one half the aquests and gains acquired since, which, therefore, is a bar to her dower. This argument assumes, that the laws of Louisiana, impliedly constitute a part of the *290 terms of the contract of marriage, and if so, to be of any force, the laws of Louisiana must have a jurisdiction over real and personal property situated in this state. But nothing is more universally settled, than that this state has sole arid exclusive jurisdiction over property situated within this state. The laws of Louisiana, can neither create nor take away any rights, or in any manner regulate property, situated beyond its limits and under the jurisdiction of another separate and independent sovereignty. They cannot create a community of property situated here, and, consequently a marriage contract entered into under them, by embracing them, cannot be supposed to imply such community. In accordance with this, no case can be found of the widow of a person domiciliated in a country where the civil law prevails, prosecuting any claim for aquesfs and gains, or any other right issuing from a community in the courts of a common law country: the commercial intercourse which has so long and extensively existed between common and civil law countries, must have originated such cases, if the rights had been understood to exist. This reduces the question to the second point,to wit: that the wido w has no rights in the property situated here, because her rights are founded solely in the marriage contract, and extend only to such rights as the laws of Louisiana give her; those rights alone being contemplated, by the parties’whenthe contract was entered iuto. This is assuming the point in controversy and there is no authority for supposing the parties did not contemplate their rights, under the laws of another state, because the parties and the laws of Louisiana are silent upon those rights. They might, or might not have understood and had inview those rights, but this is not a proper subject of enquiry for a court. The terras of the marriage contract only extend to form the relationship of husband and wife. When this domestic relationship is formed by a valid contract, the laws of every country regulate the rights, obligations, and duties, as they do those of parent and child. No better reason can be given why the extent of the rights to property created in consequence of the marriage, should be ascertained and limited by the laws of the state, where the contract is made, than that all other rights, obligations, duties, and disabilities which the laws attach to the relation ship, should be sojascertained and limited. And if the rights of the wife are to be ascertained by the marriage contract, embracing and confined to *291 the laws of the state where the contract is made, for the same reason the rights of the child, should be so ascertained j they being as much founded in the contract of marriage, the laws creating them being as much a part of the contract, and with as good reason supposed to be in the contemplation of the parties at the time of the contract. The rights of both are a-lika a consequence of a valid marriage,and are founded not in the marriage contract, but in the laws which regulate their relative rights, duties, and obligations; nothing but the validity and existence of the marriage contract, is ascertained by the laws of the country, where the contract is made. It is admitted that if the husband and wife had changed their do-micil, and become .domiciliated in this state, that their rights to property acquired here, after the removal, would be governed by the laws of this state. But if the laws of this state were not embraced in the contract of marriage, at the time it was contracted, .could a subsequent removal, which might be made too, even against the will of the wife, so essentially alter the terms of the' contract, as to embrace laws not originally contemplated by the parties? And yet such is the consequence, if the rights of the wife are founded in the marriage contract, impliedly embracing, only the laws of the state, when it is made. Had the legislature intended to confine the provision for dower, to the widows of such persons as were married or resident, at the time of their death, within this state, they would have so qualified and limited the provisions; but their language extends to the widows of any persons, dying intestate, leaving lands, tenements, and hereditaments or goods and chattels, and their marriage or residence in another state, forms no exception, and they are no bar by the laws of this state, to the widows’ right of dower. But an objection is raised, to her right of dower in the personal estate, that it cannot be considered situated under the jurisdiction of our laws, but by the comity of nations is considered a part of the totality of the wealth of ^Louisiana, is subject to be withdrawn by the owner, and was never intended by him to be subjected to dower or distribution according to the laws of this state. This objection is founded upon the construction given in Great Britain, and most of the United States to their statutes of distributions among heirs. In the construction of these statutes, personal property has been deemed to have no “ situs” and not to fall under the disposition of the *292 laws where it is found, but under the Jaws of the state where the intestate had his domicil. This construction of the statute of distributions was reasonable, and undoubtedly agreeable, to. the true intention of the statutes, so long as it was confined to transient moveables, such as accompanied a man’s person, or were passing in transitu through another country, for the purposes of commerce, which moveables without any violence to the statute, may be considered as not subject, to the jurisdiction of such laws, or situated under them. But it was also extended to permanent moveables, upon principles of inter-national comity. Personal property has, however, never been considered to any other purpose than distribution among heirs as situated in and under the jurisdiction of the laws of the country, where the owner was domiciliated.
Under the statutes of distributions, among creditors, and of escheats, after the death of the owner and of the attachments, taxation, &c. before his death, personal property is construed to be situated under the laws, of the state where it is found to be subject to these laws-and not to the laws of the state where the owner is domiciliated. The privileges which the laws of Louisiana give to some creditors over others, in their distribution among creditors could not be supported in our courts, against the property administered here. It is only in the distribution among heirs, that the rule has been adopted of giving a preference to the foreign laws, and the reasons should be equally strong for giving the same construction to statute of dower in personal property, yet it would be departing from the plain meaning and evident intention of the legislature; it would be rather altering the law, and making it conform to principles of national policy and international comity, the proper province of the legislature, than giving a judicial construction to the statute according to its true meaning and intent. “The legislature declare it to be their intent that a widow accepting or abiding by a devise, in lieu of her legal right, shall be considered as a purchaser, with a fair consideration.” See Revised code page 41. Her dower in the personal property is reserved to her in all cases “when any person shall die possessed of goods and chatties, or personal estate not bequeathed;” and the personal estate is in this case as much subject to her dower, as the real estate.
Judgment of .the orphans court affirmed.
Judges Turner, Child, and Black concurred.